**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

---

**ELIZABETH CHARLENE MOORE,**

                **Plaintiff,**

        **v.**                                     **1:10-CV-632
                                                          (FJS)**

**CHUCK HAGEL, Secretary of Defense,**

                **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **ROSE LEGAL ADVOCATES**<br>1900 l Street, NW<br>Suite 610<br>Washington, D.C. 20036<br>Attorneys for Plaintiff | **DAVID L. ROSE, ESQ.** |
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>555 Fourth Street, NW<br>Room E4818<br>Washington, D.C. 20530<br>Attorneys for Defendant | **MARINA UTGOFF BRASWELL, AUSA** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court is Defendant's motion to dismiss some of Plaintiffs' claims and for summary judgment on the remainder of her claims. *See* Dkt. No. 18. Plaintiff opposes the motion. *See id.* On December 11, 2012, the Court heard oral argument in support of, and in opposition to, Defendant's motion. At the close of argument, the Court reserved decision on Defendant's motion. The following is the Court's written resolution of Defendant's motion.

## II. BACKGROUND

Plaintiff has worked for Defendant since 1979. She filed an internal EEO class complaint on July 1, 1993, which Defendant denied on June 11, 1996. Plaintiff, together with four other African-American employees, filed a Title VII putative class action lawsuit against Defendant in 1999, in which she alleged that Defendant's management was predominantly Caucasian and that Defendant discriminated against African-American employees with respect to promotions, training, opportunities, and awards. That lawsuit was settled in 2000.

In the present action, Plaintiff alleges that Thomas Mann, her second level supervisor, retaliated against her for her prior EEOC activity, i.e., the first law suit, when he did not select her for a promotion in connection with three Assignment Opportunity Notices ("AON") and when he did not support her.

Defendant contends that, with respect to two of the three non-selection decisions AON 070080 and AON 070624, Plaintiff failed to contact the EEO Office within forty-five days of not being selected for those positions. Defendant also states that the same is true of her claim that Mr. Mann did not support her. Therefore, Defendant argues that the Court should dismiss these claims for failure to exhaust her administrative remedies.

Alternatively, Defendant contends that, with respect to AON 070624 and Plaintiff's claim that Mr. Mann did not support her, the Court should dismiss these claims because Plaintiff has not shown an adverse action. Specifically, Defendant notes that Plaintiff never applied for AON 070624; and, therefore, her non-selection could not have been an adverse action against her.

Finally, Defendant contends that he is entitled to summary judgment with respect to all of Plaintiff's claims. Specifically, he asserts that two of the AONs to which Plaintiff applied were

cancelled without the positions being filled, based on the decision to move the positions to where there was a greater need.  As to the third AON, Plaintiff did not apply and, thus, could not be considered for selection.  Finally, Defendant contends that Plaintiff's claim of retaliation fails because there is simply too much time between her prior EEO activity and the actions about which she complains.

### III. DISCUSSION

**A.     Preliminary matters**

*1. Whether the mixed motive theory applies to claims of retaliation under Title VII*

Plaintiff's counsel conceded that, in light of the Supreme Court's decision in *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (2009), and the district court's thorough analysis of that decision in *Hayes v. Sebelius*, 762 F. Supp. 2d 90 (D.D.C. 2011), Plaintiff may not rely on a mixed-motive theory to support her retaliation claim.

*2. Exhaustion of administrative remedies*

Plaintiff's counsel acknowledged at oral argument that Plaintiff withdrew her claim regarding AON 070080 during the administrative process and that, therefore, she had not exhausted her administrative remedies with respect to any retaliation based on that claim.

In addition, the record is clear that Plaintiff never raised the claim that Mr. Mann had not supported her in her position in the administrative proceedings.  Therefore, the Court finds that Plaintiff did not exhaust her administrative remedies with respect to any retaliation based on that claim.

**B.      Summary judgment standard**

A court may grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A material fact is one that, under the applicable law, is capable of affecting the outcome of the case. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  An issue is genuine where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party" rather than evidence that is "so one-sided that one party must prevail as a matter of law." *Id.* at 248, 252.

**C.      Plaintiff's claims based on her non-promotion for AON 070624 and AON 071133**

To prevail on a claim of retaliation under Title VII, a plaintiff must prove, by a preponderance of the evidence, that "'(1) [s]he engaged in protected activity; (2) [s]he was subjected to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse action.'" *Hamilton v. Geithner*, 666 F.3d 1344, 1357 (D.C. Cir. 2012) (quoting *Woodruff v. Peters*, 482 F.3d 521, 529 (D.C. Cir. 2007)).  For purposes of a retaliation claim, "[a] materially adverse action is one that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Taylor v. Solis*, 571 F.3d 1313, 1320 (D.C. Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)) (other citation omitted).

With respect to AON 070624, Plaintiff acknowledges that she did not apply for the position.  Not being selected for a position for which she did not apply cannot be considered an adverse employment action.  Moreover, the selection officer for that position was Gail Betts-

Anderson and the approving officer was Percival Jacobs, neither of whom Plaintiff claims retaliated against her. Finally, Plaintiff has failed to show that there is any causal connection between her protected activity in the 1990s and the year 2000 and this allegedly adverse employment action. Therefore, the Court finds that Plaintiff has failed to establish a *prima facie* case of retaliation with respect to AON 070624.

Plaintiff's claim based on her non-selection for AON 071133 suffers from the same deficiencies. Mr. Mann, who is the only person whom Plaintiff claims retaliated against her, had nothing to do with this position. He was not the selecting officer and he was not the person who cancelled this position opening without filling it in October 2007. Plaintiff did not suffer an adverse employment action because there was no position to be filled. Furthermore, she has failed to show that there is any causal connection between her protected activity in the 1990s and her lawsuit which settled in 2000 and this alleged adverse action, which occurred in 2007. Therefore, the Court finds that Plaintiff has not established a *prima facie* case of retaliation based on AON 071133.

## IV. CONCLUSION

Accordingly, having reviewed the entire file in this case, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss some of Plaintiff's claims and for summary judgment on the remainder of her claims is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: May 24, 2013
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge